UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOBLE SULAIMAN A.S.H. KHALIF BEY,

        Plaintiff,

  - against -                                **REPORT AND**
                                                **RECOMMENDATION**
THE CITY OF NEW YORK; P.O. ANDRIY        11-CV-2376 (RRM) (JMA)
RYABININ; and SIXTY-THIRD PRECINCT,

        Defendants.
-----------------------------------------------------------X

A P P E A R A N C E S

Noble Sulaiman A.S.H. Khalif Bey
c/o 1704 Ralph Avenue, Ste. 4B
Brooklyn, NY 11236
    *Pro se Plaintiff*

Erin Laree Ferrell
New York City Law Department
100 Church Street
New York, NY 10007
    *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

For the reasons set forth below, I respectfully recommend to the Honorable Roslynn R. Mauskopf that she sua sponte dismiss the complaint filed by pro se plaintiff Noble Sulaiman A.S.H. Khalif Bey ("plaintiff") for failure to prosecute and failure to comply with multiple orders of this Court.

**I.    BACKGROUND**

Plaintiff commenced this action against the City of New York, Police Officer Andriy Ryabinin, and the Sixty-Third Precinct (collectively, "defendants") on May 11, 2011. Compl., ECF No. 1. Plaintiff's self-styled complaint alleges that he was subjected to civil rights

violations by members of the New York City Police Department in May of 2008. See id. Plaintiff seeks monetary and injunctive relief. See id.

On May 18, 2011, the Court issued an order scheduling an initial conference for September 14, 2011, at 1:00 PM. Scheduling Order, May 18, 2011. A copy of this order was sent to plaintiff by the Court via regular mail. Id.

On July 15, 2011, the Court granted defendant City of New York's request for an order directing plaintiff to provide defendants with an executed release permitting the City to access his sealed arrest records by August 12, 2011. Order, July 15, 2011. The Court also extended defendants' deadline by which to answer or otherwise respond to the complaint until September 13, 2011. Id. A copy of this order was sent to plaintiff by the Court via regular mail. Id.

Plaintiff failed to provide defendants with an executed release by August 12, 2011. See Mot. for Extension of Time to File Answer, ECF No. 6. Thereafter, on August 22, 2011, the Court granted defendants' request to set a date certain by which plaintiff was to provide an executed release. Order, August 22, 2011. The Court's order gave plaintiff until September 9, 2011, to provide the release, and explicitly cautioned plaintiff that, "[f]ailure to comply with this Order could result in my recommendation to Judge Mauskopf that the case be dismissed for failure to prosecute." Id. A copy of this order was again sent to plaintiff by the Court via regular mail, and defense counsel was additionally directed to confer with plaintiff about the substance of this order. Id. Defense counsel attempted to do so via telephone and regular mail, but to no avail. See Defs.' Ltr. to the Court, August 22, 2011, ECF No. 7 (noting that plaintiff's cellular phone no longer accepted incoming calls).

On October 6, 2011, defense counsel informed the Court that plaintiff had again failed to timely provide a release or otherwise communicate with defense counsel. Ltr. Re. Pl.'s Failure

to Comply with Court Orders, ECF No. 8. Accordingly, the Court adjourned the initial conference sine die and informed the parties that it would take under advisement defendants' request that the Court recommend dismissal of plaintiff's action for failure to prosecute. Scheduling Order, October 7, 2011. Once more, this order was mailed to plaintiff by the Court via regular mail. Id.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action or claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). District courts also have the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). When reviewing a district court's decision to dismiss under Rule 41(b), the Second Circuit considers whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008). "[D]istrict court[s are] not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Miller v. Dep't of Corrs., No. 07-CV-7584, 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009), report and recommendation adopted by 2009 WL 1010059 (S.D.N.Y. Apr. 14, 2009) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No one factor is dispositive," and the decision must be based on the entirety of the record. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Here, as outlined supra, plaintiff has twice failed to comply with the Court's discovery orders. Moreover, plaintiff has not communicated with the Court or adverse counsel since filing his complaint in May. Plaintiff has failed to comply with court orders despite having twice been warned that his failure to comply could result in a recommendation that his action be dismissed for failure to prosecute. Order, August 22, 2011; Scheduling Order, October 7, 2011. I therefore find that plaintiff's repeated failure to comply with this Court's discovery orders warrants dismissal of this case for failure to prosecute, and recommend that this case be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendants are directed to serve a copy of this Report and Recommendation on plaintiff within fourteen (14) days, and to promptly file proof of service on ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order on this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: October 19, 2011
Brooklyn, New York

                                                             /s/
                                          JOAN M. AZRACK
                                        UNITED STATES MAGISTRATE JUDGE